IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–02534–CMA–KMT

KEITH FRAZIER,

    Plaintiff,

v.

SUSAN BARKER, Librarian, BCCF,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on Plaintiff's letter to this court and District Judge Christine M. Arguello regarding "a change in policy at the Crowley Correctional Facility, set to go into effect on December 1, 2011, which will work to block my access to the courts by keeping me from being able to get envelopes for mailing my legal work out in [sic] anymore." (Doc. No. 63, filed Dec. 5, 2011.) After outlining his concerns in the body of his letter, Plaintiff "requests that [his] letter be construed as a motion for a 'Temporary Restraining Order' and/or a 'Preliminary Injunction.'" (*Id.* [hereinafter "Motion for Temporary Restraining Order and/or Preliminary Injunction."].) Accordingly, the court liberally construes Plaintiff's motion, as it must, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), to be a motion for a temporary restraining order and/or a preliminary injunction.

Where the opposing party has notice, as in this case, the procedure and standards for issuance of a restraining order mirror those for a preliminary injunction. *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, No. 10-cv-01456-PAB-KMT, 2001 WL 111229, at *2 (D.Colo. Jan. 23, 2001) (citing 11A Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 2951 (2d ed.1995)). A party seeking a preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). The moving party must found his efforts on specific factual allegations, *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992), and his right to relief must be clear and unequivocal, *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

The court first notes that Plaintiff's motion fails to make any specific request for relief. Otherwise, the court finds that Plaintiff has failed to address or establish any of the essential requirements for a preliminary injunction. Plaintiff fails to include any legal authority suggesting that he has a substantial likelihood of prevailing on the merits and fails to demonstrate any irreparable injury by way of specific facts. Moreover, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control, and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint

so necessary 'in the maintenance of proper federal-state relations.'" *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir.1997) (citation omitted).  In light of this authority, as well as Plaintiff's failure to articulate the relief he seeks, the court finds that the balance of harms favors Defendant.  Finally, Plaintiff has not set forth any argument that the proposed injunctive relief would not be contrary to the public interest.  Altogether, the court finds that Plaintiff's motion is properly denied.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. No. 63) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 31st day of January, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

4